### M. ZIMMERMAN CO. v. NEW YORK CITY R. CO.

(Supreme Court, Appellate Term. November 3, 1905.)

JUDGMENT—ON DISMISSAL.

    Where defendant rested at the close of plaintiff's case and moved for a dismissal of the complaint, and plaintiff moved for judgment, a judgment for defendant was not one of nonsuit, but one involving a determination that plaintiff was not entitled to recover on the facts as submitted to the court.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the M. Zimmerman Company against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

Hillquit & Hillquit, for appellant.

William E. Weaver, for respondent.

PER CURIAM.   At the close of the plaintiff's case the defendant rested and moved for a dismissal of the complaint, and the plaintiff moved for a judgment.   Subsequently the trial judge gave a judgment for the defendant.   The judgment, therefore, was not one of nonsuit, as claimed by the plaintiff, but one in which it must be held that the court below passed upon the questions of fact submitted to him, and held that upon all the testimony given by the plaintiff he was not entitled to recover.   An examination of the testimony given shows that the story detailed by the plaintiff's driver was so inherently improbable that the court was justified in disregarding it, and that upon the testimony of the plaintiff's remaining witnesses as to the circumstances attending the collision the court had a right to say that the plaintiff's driver was guilty of contributory negligence as a matter of fact.

Judgment affirmed, with costs.